UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GREAT WEST CASUALTY COMPANY,
ET AL                                           CIVIL ACTION

VERSUS                                          NUMBER 07-875-SCR

AAA COOPER TRANSPORT, AND/OR
AAA COOPER TRANSPORTATION, INC.,
ET AL

### RULING ON DEPOSITION OBJECTIONS

Before the court is the Plaintiff-in-Intervention's Depositions Objections. Record document number 55. Defendants filed a response.[1]

Plaintiff-in-intervention Juan Rodriguez Salas sought to exclude from evidence portions of the deposition testimony of two witnesses, Dr. Stephen J. Raterman and Richard "Dick" Horst, on the ground that the testimony violates the collateral source rule. Defendants did not oppose the motion as to Dr. Raterman's testimony but did oppose it as to Horst's testimony.

The relevant portion of Horst's deposition testimony was not submitted with the motion nor was it quoted in the motion. Nor was it attached to or quoted in the defendants' opposition memorandum.

According to the defendants, the decision to terminate Salas was actually made by his employer, plaintiff Jim Palmer Trucking, on November 27 or 28, 2007 and before Jim Palmer Trucking received

---

[1] Record document number 67.

the Uniform Motor Vehicle Traffic Crash Report ("UMVTCR"), which was sometime after November 28. Defendants assert that Horst's testimony will be offered to show that although Jim Palmer Trucking waited until August 2007 to officially terminate Salas because he was receiving compensation benefits, he was not terminated because of any statement made by defendant AAA Cooper Transportation's driver, defendant Ray Johnson, which was included in the UMVTCR.

Since the date Jim Palmer Trucking terminated Salas is not included in the list of Established Facts in the pretrial order the court concludes that it is a disputed fact.[2]

Although the testimony Salas objects to has not been provided to the court, there is sufficient information for the court to find that Salas has not shown that Horst's testimony must be excluded by the collateral source rule. This does not mean that it is admissible - it only means that at this time it is not excluded.[3]

Accordingly, the Plaintiff-in-Intervention's Depositions Objections are sustained in part and denied in part. The objection to deposition testimony of Dr. Stephen J. Raterman, p. 37, lines 22-25 and p. 38, lines 1-12, is sustained. These lines of his testimony shall not be read to the jury. The objection to the

---

[2] Record document number 45, pp. 7-8.

[3] If the testimony is admitted, it may not be offered to reduce the amount of damages which the jury may award Salas, the defendants shall not be permitted to make such an argument, and Salas may request that an appropriate jury instruction be given.

deposition testimony of Richard "Dick" Horst, p. 27, lines 16-24, is overruled, without prejudice to plaintiff-in-intervention re-urging the objection at trial.

    Baton Rouge, Louisiana, February 4, 2010.

                                      STEPHEN C. RIEDLINGER
                                      UNITED STATES MAGISTRATE JUDGE